# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3974

———————

Delores Forste and Steve Forste,    *

            Appellants,    *

       *    Appeal from the United States
     v.        *    District Court for the
       *    Western District of Missouri.

Joseph Hensley and John Briggs,    *

       *    [UNPUBLISHED]
           Appellees.    *

———————

Submitted: November 18, 2010
Filed: December 27, 2010

———————

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

     Delores Forste and Steve Forste appeal the district court's[1] dismissal of their complaint against Joseph Hensley and John Briggs.  We affirm.

     On July 16, 2007, Joseph Hensley was appointed "Special Prosecutor" by a Missouri state court "for the investigation into the pending criminal charges" against Delores Forste.  Subsequent to the appointment, Hensley filed charges of kidnapping,

———————

[1]The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

financial exploitation, and interference with custody against Delores Forste and her husband Steve Forste. After Hensley withdrew from the appointment, the same state court appointed John Briggs as "Special Prosecutor for the investigation into the pending criminal charges against" Delores Forste and Steve Forste. Briggs continued the charges against the Forstes from November 29, 2007, the date of Briggs's appointment, until June 4, 2008, when the charges against the Forstes were dismissed.

The Forstes sued under 42 U.S.C. § 1983, claiming that Hensley and Briggs exceeded the scope of their "Special Prosecutor" appointments when they brought and continued criminal charges against the Forstes. The district court dismissed the complaint, finding Hensley and Briggs were vested with absolute prosecutorial immunity.

In support of their argument, the Forstes focus on the language of the appointment that, they contend, only allowed Hensley and Briggs to conduct an "investigation." The Forstes further note that the appointment lacks any reference to section 56.110 of the Missouri Revised Statutes, which provides the process for appointing a special prosecutor when the elected prosecutor has recused.

In Imbler v. Pachtman, the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 431 (1976). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). However, prosecutors are entitled only to qualified immunity when their actions are "investigatory" or "administrative" in nature. Id.

Clearly, absolute prosecutorial immunity applies to Hensley and Briggs in this action. Both were appointed by order of the Circuit Court of Jasper County, Missouri

as "Special Prosecutor." By virtue of their appointed positions, they were authorized to bring charges if they found probable cause to do so. As the Supreme Court explained, determining whether absolute prosecutorial immunity is appropriate turns on "the nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (quotation omitted). Thus, because the Forstes' claim solely relates to the act of bringing criminal charges against them, Hensley and Briggs are entitled to the same absolute prosecutorial immunity that would apply to an elected prosecutor. See Rehberg v. Paulk, 611 F.3d 828, 851 (11th Cir. 2010) ("[A] special prosecutor appointed to stand in for [the elected prosecutor] . . . receives the full scope of absolute prosecutorial immunity and is absolutely immune for . . . claims of malicious prosecution."); DeCamp v. Douglas Cnty. Franklin Grand Jury, 978 F.2d 1047, 1053-54 (8th Cir. 1992) (holding that special prosecutors who assisted a grand jury in drafting an official report were entitled to absolute immunity because their actions were "intimately associated with the judicial phase of the criminal process" (quoting Imbler, 424 U.S. at 430)).

Accordingly, we affirm the district court's dismissal of the Forstes' complaint.

_____